JAMES M. ANDERSON v. STEPHEN V. HAYS, ET AL.

**Petition for Breach of Covenant.**

    To be sufficient a petition for a breach of covenant, the bond sued upon should be set forth in substance so as to show the undertaking of the parties, and to make the bond a part of the petition does not supply these averments.

APPEAL FROM WHITLEY CIRCUIT COURT.

December 19, 1878.

OPINION BY JUDGE HINES:

The allegations of the petition and the amended petitions do not sufficiently set forth a covenant and breach thereof. The bond sued upon should have been set forth in substance so as to show the undertaking on the part of the parties to the bond. This was not done. Making the bond a part of the petition does not cure the defective averments. But even if that were done appellant could not recover. The bond as exhibited was an undertaking to satisfy the judgment of the quarterly court that might be rendered in the cause. No judgment was there rendered, as appears from the petition and amendments; but the cause by agreement between the plaintiff and defendant, and without the knowledge or consent of the sureties in the bond, was transferred to the circuit court; and it is upon the judgment there rendered that recovery is sought to be had. The pleadings fail to show that appellees undertook to satisfy the judgment that might be rendered in any other than the quarterly court. The failure to prosecute the cause to judgment in the quarterly court was a waiver by appellee of his right to go upon the sureties in the bond for the appeal from the justices' court.

Judgment *affirmed.*

*Smith & Richardson, for appellant.*

*C. W. Lester, R. D. Hill, for appellees.*